ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                                  08 Civ. 10375 (WCC)
NITZA KEANE,                             :

               Plaintiff,                :

     - against -                         :        OPINION
                                                  AND ORDER
FRANK M. KEANE,                          :

               Defendant.                :
- - - - - - - - - - - - - - - - - - - - - X


A P P E A R A N C E S :

                                   NITZA KEANE
                                   **Plaintiff** *Pro Se*
                                   105 Holland Avenue
                                   White Plains, New York 10603


                                   MAFFEI, MAFFEI & KEATING
                                   **Attorneys for Defendant**
                                   35 E. Grassy Sprain Road
                                   Yonkers, New York 10710

MATTHEW J. KEATING, ESQ.

     Of Counsel

Copies Mailed to Counsel of Record  5/27/09

**Conner, Senior D.J.:**

*Pro se* plaintiff Nitza Keane brings this action against defendant Frank M. Keane to recover damages arising out of defendant's transfer of certain property immediately prior to the parties' divorce. Defendant now moves to dismiss the claims against him pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff alleges the following in her Second Amended Complaint.[1]

Plaintiff, a citizen of New York, and defendant, a citizen of Connecticut, were divorced pursuant to a "final Order and Decision" issued in July 2003. (2d Am. Complt. ¶¶ II.C, III.B.) In October 2008, plaintiff learned that, in anticipation of the divorce proceeding, defendant fraudulently sold two pieces of property in Nyack, New York, and that those sales deprived plaintiff of her right to an equitable distribution of those properties in the divorce. (*Id.*, Attachment.) Defendant entered into a conspiracy with Joseph Bonavito and James Zimmerman,[2] both of whom failed to disclose the true facts regarding the two properties. (*Id.*) Defendant also failed to disclose his ownership of stock and a pension from General Motors Corporation, his former employer. (*Id.*)

Plaintiff alleges that defendant failed to disclose relevant facts "regarding the sale," including the facts that "[t]wo pieces of propert[ies] were sold instead of one on [September] 9, 1997" and that a mortgage on the property had been satisfied on July 1, 2003. (*Id.* ¶ III.B.) "Under oath, []

---

[1] The Second Amended Complaint is rather difficult to follow. We have endeavored to glean the relevant facts to the best of our ability.

[2] Neither Bonavito nor Zimmerman is a defendant in this action.

1

[d]efendant . . . admitted that he had forged [] [p]laintiff's signature" without her consent. (*Id.* ¶ III.C.) "Marital assets were fraudulently transferred into the [d]efendant's name two years before the commencement of the divorce action by [p]laintiff" and "mortgage receipts for [the sale of] the properties were held by [] [d]efendant for several years before" the divorce. (*Id.*) Defendant committed fraud in "the procurement of the [divorce] settlement" by his failure to introduce evidence and by "engaging in deceitful and fraudulent representation of the true facts." (*Id.*)[3]

Defendant was "enriched by this agreement when the [c]ourt reduced the gross monthly mortgage payment by more than 43% on a[] fifty[-]fifty agreement" and because defendant "availed himself of [] [p]laintiff's money for which he should be compelled to pay interest in as much as the agreed upon settlement of the distributive award is not a [future] award but a current one." (*Id.*)[4]

"[A] 'sitting Judge' under the direction of the Head of the Matrimonial Part ordered a hearing to take place on another piece of property that was purchased during the marriage and that [] [d]efendant, under oath denied ownership and the newly discovered evidence." (*Id.*, Attachment.) "Based on just the testimonies of the parties that were heard before another Judge, [the 'sitting Judge'] refused to have a hearing and disregarded the 'newly discovered evidence' and ruled on 'paper.'" (*Id.*)

Plaintiff appears to assert claims of fraud, denial of due process, unjust enrichment and intentional infliction of emotional distress.

---

[3] The Second Amended Complaint does not specify the "court" in which the deceit and fraudulent misrepresentation occurred. (*Id.*)

[4] The Second Amended Complaint does not specify what "agreement" took place. (*Id.*)

# DISCUSSION

Where a court is presented with a motion to dismiss under both FED. R. CIV. P. 12(b)(1) and 12(b)(6), the court "must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Megna v. F.D.A.*, 2009 WL 749900, at *4 (E.D.N.Y. Mar. 17, 2009) (internal citation omitted). Accordingly, we first address whether dismissal is proper under FED. R. CIV. P. 12(b)(1).

## I.     Legal Standard for FED. R. CIV. P. 12(b)(1)

"In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), a court must accept as true all of the material factual allegations in the complaint." *Brescia v. Sia*, 2008 WL 1944010, at *2 (S.D.N.Y. Apr. 30, 2008) (Conner, J.) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). However, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *Bonime v. Avaya, Inc.*, 2006 WL 3751219, at *1 (E.D.N.Y. Dec. 20, 2006), *aff'd*, 547 F.3d 497 (2d Cir. 2008) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). Subject matter jurisdiction "must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Drakos*, 140 F.3d at 131. Rather, "[t]he mover and the pleader may use affidavits and other materials beyond the pleadings themselves in support of, or in opposition to, a challenge to subject matter jurisdiction." *Giovanniello v. N.Y. Law Publ'g Co.*, 2007 WL 2244321, at *2 (S.D.N.Y. Aug. 6, 2007) (internal citations omitted). District courts must consult this evidence to decide a 12(b)(1) motion to dismiss "if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction." *Robinson v. Gov't of Malaysia*,

269 F.3d 133, 141 n.6 (2d Cir. 2001).

**II.     Application**

A complaint is subject to dismissal where it presents neither a federal question under 28 U.S.C. § 1331 nor satisfies the requirements of diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 "confers original jurisdiction on the federal district courts with respect to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (alteration and internal citation omitted). The Second Amended Complaint satisfies the requirements of diversity jurisdiction because plaintiff is a citizen of New York, defendant is a citizen of Connecticut and the claim exceeds $75,000.[5]  28 U.S.C. § 1332.

Defendant avers that plaintiff has failed to establish a "good faith [claim in excess of] $75,000." (Def. Mem. Supp. Mot. Dismiss at 3.) Where a party invokes the diversity jurisdiction of a federal district court, that party "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.'" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer*, 347 F.3d at 397 (internal citation

---

[5] Because plaintiff has satisfied the requirements of diversity jurisdiction, we need not address plaintiff's argument that she presents a federal question or defendant's argument that plaintiff has "failed to state any non-frivolous claim based on federal law." (Def. Mem. Supp. Mot. Dismiss at 2.)

4

omitted); *see also St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 288 (1938). This presumption is rebutted only where the party opposing jurisdiction can show "'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Scherer*, 347 F.3d at 397.

Defendant offers various arguments regarding the legal sufficiency of plaintiff's claims, however, he does not offer any argument regarding the proper amount recoverable. Defendant has, therefore, failed to rebut the presumption that the jurisdictional claim set forth in the Second Amended Complaint is proper. *See Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) ("The jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits. Moreover, even where those allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted.") Because plaintiff has properly invoked our diversity jurisdiction, we have jurisdiction over the claims set forth in this case.

### III. Legal Standard for Fed. R. Civ. P. 12(b)(6)

A motion brought under Fed. R. Civ. P. 12(b)(6) posits that the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.). In assessing the legal sufficiency of a claim, the Court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference. *See* Fed. R. Civ. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d

5

130, 138 (2d Cir. 1999); *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir. 1996). The issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks and citation omitted). The fact pleading standard is "a flexible 'plausibility standard' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir. 2007) (emphasis in original); *see Ello v. Singh*, 531 F. Supp. 2d 552, 562 (S.D.N.Y. 2007). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

### IV. Application

#### A. Due Process

Plaintiff states that her due process claim is premised upon the facts that: (1) "Judge Neary refused to conduct a hearing after he was instructed to do so by the Head of the Matrimonial Part"; (2) "Judge Neary disregarded the evidence before [him] that proved that [d]efendant had in deed [sic], perjured himself"; and (3) "[i]n spite of the valid evidence, the Judge ruled on a previous ruling on a different piece of evidence." (Pl. Mem. Opp. Mot. Dismiss at 3.)

Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462, 462 (1983). Under this doctrine, known as the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts.'" *Holland v. New York*, 63 F. App'x 532, 533 (2d Cir. 2003) (internal citation omitted); *see also Gambino v. Rubenfeld*, 48 F. App'x 22, 22 (2d Cir. 2002) *and Yang v. State of New York*, 2005 WL 1863818, at *3 (S.D.N.Y. Aug. 5, 2005). Where plaintiff's constitutional claim is "inextricably intertwined" with a state court's judgment, a district court does not have jurisdiction over the constitutional claim. *Brooks-Jones v. Jones*, 916 F. Supp. 280, 281 (S.D.N.Y. 1996). The "crucial point" in determining whether a constitutional claim is inextricably intertwined with a state court judgment "is whether in reality 'the district court is being called upon to review the state-court decision.'" *Id*. at 282 (quoting *Feldman*, 460 U.S. at 482-83 n.16) (alteration omitted). Here, because "federal relief [would] only be predicated upon a decision that the state court was wrong," plaintiff's claim that her right to due process was violated cannot "be viewed as anything other than a prohibited appeal of the state court judgment." *Id*. Plaintiff's claim that her right to due process was violated is dismissed.

### B.    Fraud

Under New York law, a plaintiff alleging fraud must prove: "(1) a material misrepresentation or omission of fact (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997).

Defendant argues that the Second Amended Complaint should be dismissed because the statements therein "simply do not make any coherent claim against [defendant]" and are insufficient

"to give defendant fair notice of [either] [plaintiff's] claims [or] the grounds for those claims." (Def. Mem. Supp. Summ. J. at 4.)[6] Allegations of fraud are subject to a higher pleading standard under FED. R. CIV. P. 9(b). A party alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Rule 9(b) mandates that a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (internal quotation marks and citation omitted). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *Vandermark v. City of New York*, 2009 WL 1269246, at *3 (S.D.N.Y. May 4, 2009) (internal quotation marks omitted).

While pleadings prepared by *pro se* litigants such as plaintiff are generally held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still subject to dismissal where the pleadings fail to comply with Rule 9(b). *See Lichtenstein v. Reassure Am. Life Ins. Co.*, 2009 WL 792080, at *8 (E.D.N.Y. Mar. 23, 2009) (dismissing *pro se* plaintiff's fraud claim for failure "to meet the heightened pleading standards of

---

[6] Defendant also argues that plaintiff's claims are barred under the doctrines of *res judicata* and collateral estoppel because they were "raised in the previous New York Supreme Court divorce proceeding." (Def. Mem. Supp. Summ. J. at 5.) While resolution of this issue is not necessary to resolve this motion, it should be noted that this argument is not persuasive because the Second Amended Complaint states that plaintiff "discovered [the fraud] in late [October] 2008," (2d Am. Complt. ¶ III.A) and, as defendant admits, plaintiff's appeal to the "Appellate Division of the Supreme Court of the State of New York, Second Department, [was decided by a] decision and order dated January 26, 2006." (Keating Aff'm at 2-3.) Assuming that the allegations in the Second Amended Complaint are true, as we must on a motion to dismiss, then neither *res judicata* nor collateral estoppel is applicable because the fraud alleged in this case was unknown to plaintiff at the time of the divorce proceeding and its appeal. Therefore, plaintiff did not have a full and fair opportunity to litigate the issues that she now brings before this Court.

Rule 9(b)"); *and Papworth v. Steel Hector & Davis*, 2007 WL 2903944, at *10 (N.D.N.Y. Sept. 30, 2007) (dismissing *pro se* plaintiff's fraud claim for failure to comply with Rule 9(b), but granting plaintiff leave to re-plead the complaint).

In this case, plaintiff has failed to state, with particularity, the circumstances surrounding the alleged fraud. The Second Amended Complaint alludes to a mortgage that was satisfied in 2003, but provides no additional information about that mortgage. The Second Amended Complaint also refers to a "fifty fifty agreement" relating to another mortgage, but provides no further information about that. (2d Am. Complt. ¶ III.C.) Likewise, while it appears that plaintiff alleges that defendant made fraudulent statements during the divorce proceedings, the Second Amended Complaint does not specify what the statements were or explain how they were fraudulent. For these reasons, plaintiff has not plead her fraud claim with the particularity required by Rule 9(b). However, because it does appear that plaintiff may have a valid claim against defendant and because we see no prejudice to defendant, we grant plaintiff leave to amend and re-file her Second Amended Complaint if she can plead her fraud claim with the particularity required under Rule 9(b).

### C.  Other Claims

Finally, a very liberal reading of the Second Amended Complaint reveals that plaintiff may have intended to bring causes of action for unjust enrichment (2d Am. Complt. ¶ III.C ("[d]efendant was further enriched by this agreement . . .")) and intentional infliction of emotional distress (*id.* ¶ IV ("Plaintiff has suffered financial and economic devastation. It has brought on emotional distress.")). To the extent plaintiff intended to bring these causes of action, the Second Amended Complaint, as pleaded, does not provide defendant with fair notice of these claims. Therefore, these

9

claims are dismissed without prejudice and with leave to re-plead if plaintiff can set forth more particular allegations supporting such claims.

## CONCLUSION

For all of the foregoing reasons, the defendant's motion to dismiss (Doc. #7) is granted. Plaintiff's claim that her right to due process was violated is dismissed with prejudice. All other claims asserted in plaintiff's Second Amended Complaint are dismissed without prejudice and plaintiff is granted leave to amend and re-plead her Second Amended Complaint with respect to all claims except her claim alleging violation of due process. If plaintiff elects to file a Third Amended Complaint, she shall do so within sixty days of entry of this Opinion and Order. These dismissals are without costs or attorneys' fees.

SO ORDERED.

Dated: White Plains, New York
       May 27, 2009

*[signature]*
Sr. United States District Judge