UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NITZA KEANE,

                Plaintiff,                **MEMORANDUM DECISION AND ORDER**

    -against-

                                              08 Civ. 10375 (GAY)

FRANK M. KEANE,

                Defendant.
----------------------------------------------------------X

Plaintiff Nitza Keane, proceeding *pro se*, brings this action on the grounds that her ex-husband, defendant Frank M. Keane, fraudulently concealed the impending and completed satisfaction of a mortgage–a marital asset–during their state divorce proceeding. Presently before this Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").[1] For the reasons that follow, the defendant's motion is granted in part and denied in part.[2]

**I. PROCEDURAL HISTORY**

Plaintiff commenced an action for divorce in December 1999. The action was tried in state court over a two-week period in April 2002. The state court issued its

---

[1] By letter dated October 26, 2009, plaintiff argues that defendant should not be allowed to file a motion to dismiss and, instead, that a default judgment should be entered. Plaintiff specifically contends, in essence, that defendant has repeatedly missed filing deadlines and submitted false information. In the first instance, during a pretrial conference with the parties held October 21, 2009, this Court granted defendant leave to file its motion to dismiss. Plaintiff has provided no basis for the Court to reconsider its decision. Further, a review of the entire record reveals no conduct on defendant's part which would warrant the harsh sanction of a default judgment.

[2] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

Decision, Findings of Fact, and Conclusions of Law on February 27, 2003, and entered a Final Decision and Order on July 15, 2003.

On or about December 1, 2008, plaintiff commenced the instant action seeking to recover damages arising from defendant's alleged fraud prior to the parties' divorce. On or about December 8, 2008, plaintiff filed a First Amended Complaint; she then filed a Second Amended Complaint on or about December 17, 2008. On or about December 30, 2008, defendant moved to dismiss the claims for lack of subject matter jurisdiction and failure to state a claim. By Opinion and Order dated May 27, 2009, the Honorable William C. Conner granted the motion and (1) dismissed plaintiff's due process claim with prejudice, (2) dismissed plaintiff's fraud claim with leave to re-plead with the particularity required under FRCP 9(b) and (3) dismissed plaintiff's claims for unjust enrichment and intentional infliction of emotional distress with leave to re-plead so as to set forth more particular allegations supporting said claims.

On or about July 24, 2009, plaintiff filed her Third Amended Complaint. Defendant filed the instant motion to dismiss on or about November 12, 2009.

## II. RULE 12(b)(6) STANDARD

In evaluating defendant's motion to dismiss under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Ultimately, the Court must grant defendant's 12(b)(6)

motion to dismiss if plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The court must analyze the complaint under a two-pronged approach: (1) determine which statements are well-pleaded factual allegations and assume their veracity, and (2) "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Statements deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth. Id. at 1950-51.

For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint. Id. at 153 (quotation and citation omitted).

Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted). A court should not dismiss a *pro se* complaint

"for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

### III. FACTS

The Court accepts as true the following facts taken from the Third Amended Complaint.

The parties were married for over thirty years before plaintiff commenced an action for divorce. At the time of the divorce proceeding, defendant (through his company known as FMK Realty), held a mortgage note on property located at 222 Main Street, Nyack, New York.  The balance on the note was $517,172.00; defendant received monthly mortgage payments of $6,390.00.  At the conclusion of the divorce hearing, the state court awarded plaintiff a one-half equitable share of that portion of the value of FMK Realty that consisted of said mortgage.  Incorporating a 10% fair factor for the risk of non-collection, 15% corporate income tax, 17% personal income tax, and $90 per month for company expenses, the state court determined that the plaintiff should receive $2,000 per month until the mortgage was due to be satisfied in September 2012.  The state court entered its final Decision and Order in the parties' divorce action on July 15, 2003.

In October 2008, plaintiff noticed that a complex of luxury apartments had been constructed on the 222 Main Street property.  After checking with the Rockland County Land Records Department, plaintiff learned that the mortgage on the property had been satisfied on July 1, 2003.

**IV. FRAUD**

Under New York law, a plaintiff alleging fraud must prove: "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir. 1997). Furthermore, under the heightened pleading standard imposed by FRCP 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." See Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 187 (2d Cir. 2004) (quotation and citation omitted). "Allegations that are conclusory or unsupported by factual assertions are insufficient." Vandermark v. City of New York, 615 F. Supp.2d 196, 203 (S.D.N.Y. 2009) (quotation and citation omitted).

Here, construing plaintiff's allegations broadly, she asserts the following: during the pendency of the divorce proceeding, defendant knew that the mortgage held by his company as to the property located at 222 Main Street, Nyack, New York, would be satisfied prior to its due date of September 2012; defendant failed to disclose this knowledge to both plaintiff and the state court; defendant further misrepresented the status of the mortgage by asking the court, when calculating equitable distribution, to consider defendant's monthly expenses and costs related to holding the mortgage; the mortgage held by defendant was indeed satisfied on July 1, 2003, two weeks before the

5

final Judgment and Order in the divorce was filed and entered;  defendant acted with the intent to defraud plaintiff, leaving plaintiff with a $2,000 monthly distribution of mortgage income rather than a larger lump sum distribution upon the early satisfaction of the mortgage; plaintiff reasonably relied on the testimony given under oath during the divorce proceeding; plaintiff claims that she has been injured by the alleged fraud.  The Court concludes that plaintiff's allegations are sufficiently particularized so as to satisfy the heightened pleading requirements of FRCP 9(b).  Accordingly, defendant's motion to dismiss is denied as to plaintiff's fraud claim.

### V.  REMAINING CLAIMS

Judge Conner previously granted plaintiff leave to re-plead claims for unjust enrichment and intentional infliction of emotional distress so as to set forth more particular allegations supporting said claims.  Although plaintiff's Third Amended Complaint may indeed be broadly construed to assert claims of unjust enrichment and intentional infliction of emotional distress, plaintiff's allegations regarding said claims remain insufficiently vague and conclusory.   Accordingly, defendant's motion to dismiss is granted as to plaintiff's claims for unjust enrichment and intentional infliction of emotional distress.

### VI.  CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART** and plaintiff's claims for unjust enrichment and intentional infliction of emotional distress are dismissed.

The parties shall appear for a pretrial conference on August 9, 2010 at 10:00 a.m. in Courtroom 421.

The Clerk of the Court is respectfully requested to terminate the pending motion (Docket #29).

Dated: July 20, 2010
      White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.