USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/17/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NITZA KEANE,

                Plaintiff,

    -against-

FRANK M. KEANE

                Defendants.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

08 Civ. 10375 (GAY)

    Plaintiff Nitza Keane, proceeding *pro se*, brings this action on the grounds that defendant Frank M. Keane, fraudulently concealed the impending and completed satisfaction of a mortgage– a marital asset– during their state divorce proceedings. A jury trial was scheduled in this matter. However, upon review of the parties' pre-trial submissions, the Court *sua sponte* raised the issue as to whether subject matter jurisdiction exists. Specifically, the Court questioned whether the domestic relations exception barred plaintiff's cause of action. As a result, the Court postponed the trial until the issue was resolved and directed the parties to submit briefs on the issue. Upon a complete review of this matter, the Court concludes that it is divested of jurisdiction over plaintiff's cause of action under the domestic relations exception. As such, plaintiff's case must be dismissed for lack of subject matter jurisdiction.

    The court may at any time during a proceeding raise *sua sponte* the issue of subject matter jurisdiction. See Adams v. Suozzi, 433 F.3d 220, 224 (2d Cir. 2005). If the court raises the issue and determines that it lacks subject matter jurisdiction, then under the federal rules, it must dismiss the claims. See Fed.R.Civ.P. 12(h)(3); Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) ("If a court

perceives at any state of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action."). Thus this Court may properly raise the issue of subject matter jurisdiction and must dismiss plaintiff's claims if it lacks jurisdiction.

The domestic relation exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).  Under the exception, "[f]ederal courts have discretion to abstain from exercising jurisdiction over issues on the verge of being matrimonial in nature as long as full and fair adjudication is available in state courts." Fischer v. Clark, No. 08–CV–3807, 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009) (internal quotation marks omitted). In Ankenbrandt, the Court held that the exception did not apply to a plaintiff's state-law tort claims for monetary damages against her ex-husband for alleged child abuse. Id. at 704.  The Court in Ankenbrandt noted that the status of the domestic relationship was already "determined as a matter of state law," and had "no bearing on the underlying torts alleged." Id. at 706.

The domestic relations exception will rarely apply to claims solely seeking monetary relief. King v. Comm'r, No. 00-9234, 2003 WL 1343011, at *2 (2d Cir. Mar. 19, 2003).  However, in Schottel v. Kutyba, the Second Circuit departed from the general rule and held that the exception applied where the fraud claims "beg[an] and end[ed] in a domestic dispute." No. 06–1577–cv, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009). The plaintiff in Schottel alleged that defendant engaged in fraudulent and coercive conducts in divorce proceedings that deprived her of custody and visitation rights and

caused her emotional distress. Id. In a proposed amended complaint, the plaintiff only sought monetary damages. Id. The Second Circuit concluded that while the tort claim was only for monetary damages, "at heart, [it was] a dispute surrounding the custody of [the plaintiff's] child." Id. The court further noted that Schottel's tort claims differed from the tort claims in Ankenbrandt because in Ankenbrandt, the tort claims arose after the status of familial relationship was already determined by state law and thus, had no bearing on the child abuse claims. Id. However, in Schottel, the act giving rise to the claim occurred during the divorce proceedings. Hence, the claim was not distinct from the domestic relationship, and it involved the "dissolution of marriage—an area at the core of the domestic relations exception." Id. Finally, the Court reasoned that "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." Id.

Similar to Schottel, this Court is unable to exercise subject matter jurisdiction over plaintiff's claims because they "begin and end in a domestic dispute;" even though she is seeking only monetary damages. Indeed, a review of plaintiff's claims reveals that although she seeks only monetary damages, her claims are nonetheless domestic relations disputes recast as claims for fraud. Plaintiff alleges that during their divorce proceeding, defendant, through his company known as FMK Realty, held a purchase-money note on property located in Nyack, New York. The balance on the mortgage note at the time of the state trial was $517,172 and defendant received a monthly payment of $6,390 with interest. Compl. ¶ 23. The state court determined that plaintiff, inter alia, would receive a monthly payment of $2,000 until the mortgage was satisfied in

3

September 2012. Compl. ¶ 25.  Plaintiff appealed the equitable distribution of the marital assets, including the mortgage notes through the state courts.  The state court proceedings concluded on March 22, 2007, upon the Court of Appeals denial of a motion for reargument. Keane v. Keane, 8 N.Y.3d 892, 832 N.Y.S.2d 896 (2007).

In late October 2008, plaintiff leaned that the mortgage note had been satisfied on July 1, 2003. Compl. ¶ 27.  Neither the plaintiff nor the state court was advised that the mortgage had been satisfied throughout the state court litigation and appellate proceedings.  Consequently, the plaintiff alleges that the state courts awarded her a share of the property that was less than she would have otherwise received had the court known about the satisfaction of the mortgage.

In her third amended complaint, plaintiff accuses defendant of "fraud upon the [divorce] court," that "defendant failed to divulge information to the court" and "misrepresented to the court the factual information," all to "prevent the plaintiff from receiving her rightful stipulated equitable distribution." Compl. ¶ 3 -8.  Plaintiff alleges that "defendant deliberately perjured himself" and "forged plaintiff's signature on the deed" in order to "deprive the plaintiff of thousands of dollars in the equitable distribution." Compl. ¶¶ 19, 20.  "[T]he defendant's outright falsehoods about transfers, omission of facts and the unfairness of the distribution as directed the court were litigated in two additional courts, the Appellate Division, Second Department . . . and . . . the Court of Appeals." Compl. ¶ 5.

Plaintiff seeks as damages the amount of $111,790 on account of the alleged fraud. Compl. ¶ 30.  She also seeks an award of damages for the loss of interest at the

4

rate of 9% for the years of the commencement of the divorce to the end of the litigation of this matter. Compl. ¶ 31.

Like Schottel, plaintiff here asserts fraud by the defendant, which resulted in monetary damages to her.  Defendant's alleged conduct, the concealment of information regarding the satisfaction of the mortgage, giving rise to plaintiff's claim occurred during litigation of the divorce proceedings. Thus, the acts here, as in Schottel, occurred prior to the state's final determination on the distribution of marital assets.  As such, just as in Schottel, "the gravamen of Plaintiff's complaint is the dissolution of a marriage—'an area at the core of the domestic relationships exception.'" Dowlah v. Dowlah, No. 09–CV–2020, 2010 WL 889292, at *5 (E.D.N.Y. Mar. 10, 2010) (quoting Schottel, 2009 WL 230106, at *1).

Additionally, unlike Ankenbrandt where the plaintiff alleged a tortious conduct that occurred outside of the child custody dispute, defendant's alleged fraudulent conduct here is part of their domestic disputes.  The determination of the equitable distribution of marital property is a component of the dissolution of a marriage.  Plaintiff's fraud claims cannot be separated from their marriage disputes; as such, the claims "begin and end in a domestic dispute" and are "indistinct from [their] domestic qualms." Dowlah, 2010 WL 889292, at *5 (internal citations omitted).  Simply stated, this Court abstains from exercising subject matter jurisdiction over plaintiff's claims given the applicability of domestic relations exception. There is no indication on the record that there is any obstacle to a full and fair determination in the state courts.

Accordingly, the Court dismisses the plaintiff's third amended complaint. The

Clerk is respectfully requested to enter judgment accordingly and close the case.[1]

Dated:   December 17, 2012
        White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.

---

[1] Attached to this Memorandum Decision and Order are copies of all unpublished decisions available only in electronic form cited herein. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

6